Duncan, J.
On July 14, 1908, the plaintiff, by arrangement with one George Ash, paid into the treasury of this county the sum of $870.88 and took a liquor assessment receipt therefor in the name of said Ash, then about to engage in the business of trafficking in intoxicating liquors. Of said money, said Ash furnished $200, and the plaintiff the balance, $670.88. .Before said money was paid into the treasury, said Ash executed and delivered to the plaintiff an assignment of ‘ ‘ all my right, title and interest in and to any and all amount due me as a refund, rebate or return on the attached Dow tax receipt” and authorized the auditor and treasurer to pay the same to- the plaintiff, Said Ash then began *146 business under said receipt, but said receipt was never in his possession. It was held by the plaintiff, along with said assignment, by agreement between them, as security for said advancement. On July 24, 1908, the defendant, Boner, commenced a proceeding in aid of execution in the court of George C. Jenny, justice of the peace in this county, to collect a judgment which he had obtained against said Ash’ before said justice, naming the auditor and treasurer of this county as persons indebted to said Ash. The said Ash was still in business and remained in until August 1, 1908, when he discontinued the same.
The defendants, Romanas R. Boar and W. M. Shaffer, the present auditor and treasurer of said county, respectively, refusing upon request, after said August 1, to draw an order and pay the plaintiff on its said assignment, this suit was brought by it for an order of the court in the premises, the said Boner having since been made a party herein and required to set up his claim to said fund.
Upon this state of facts, I think the plaintiff entitled to the refunding order otherwise issued to the dealer under the provisions of Section 4364-11, Rev. Stat. (Gen. Code, 6073, 6074), upon discontinuance of the business, for two reasons:
First, because it was not only its money that paid the assessment but it had always held the evidence of such payment and an absolute assignment of any money that might be due on any refund of such payment upon discontinuance of the business; and,
Second, because there is nothing due the dealer in any event, on such receipt, before he has in fact discontinued the business, upon which a proceeding in aid of execution might operate.
The statute reads:
“Whenever any person, * * * engaged in such business who has been assessed as aforesaid, and has paid the full amount of said assessment discontinues such business, the county auditor upon being satisfied of that fact, shall issue to such person * * .* a refunding order for a proportionate amount of said ' assessment, so paid. ’ ’
In order that this money, or any money, be subject to a proceeding in aid of execution, it must appear, as provided by Section 6680-1, Rev. Stat. (Gen. Code, 10436)) that the particular person, *147 in this ease the county treasurer, is liable to the judgment debtor in some amount of money. The liability of the person served in such proceeding as liable to the judgment debtor, as provided in Section 6680-2, Rev. Stat. (Gen. Code, 10437), is- limited by “whatever he was then liable for to the judgment debtor.” If he w-as not then liable to the judgment debtor in some amount, it is certain that he could not be made liable in any amount to a plaintiff in a proceeding in aid of execution. A present liability to the judgment debtor is necessary. This proceeding does not create obligations, but only operates to effect a substitution of debtors in a way. If the dealer has not discontinued business, there is nothing due him and the auditor can not issue a refunding order to him or to any one for the unearned portion of said assessment, and the treasurer is in no sense liable to the dealer on account of the collection by him of said assessment. As long as the dealer continues in business the liability, if any, remains contingent and uncertain; not only the amount of the liability, but whether there will ever be any. In point is Orlopp v. Schueller, 72 Ohio St., 41, 59.
Liability of the auditor or treasurer in no sense, if ever, begins ' f r* the auditor is satisfied that the dealer has in fact discontinued the business. So that, regardless of the fact that such had been assigned to the plaintiff from the'beginning, neither the auditor nor the treasurer was liable to said Ash at the time of the commencement of said proceeding in aid of execution, or when notice was served upon them therein.
Holding these views, there will be a general finding in favor of the plaintiff, and the auditor is ordered to draw an order on the proper fund, in favor of the plaintiff, for the amount now appearing due on his books on said Ash account, and the treasurer to pay the same accordingly. The costs of this action will be assessed against the defendant, Boner..